## Case No. 9,480.

MERRIMAN v. BOURNE et al.[1]

Circuit Court, N. D. California. June 2, 1865.[2]

EJECTMENT—JUDGMENT—CONCLUSIVENESS—CONFIRMATION OF INVALID TITLE.

[1. A judgment against plaintiff in ejectment merely determines the invalidity of his title,

1 [Not previously reported.]
2 [Affirmed in 9 Wall. (76 U. S.) 592.]

and not the validity of defendant's title, and where plaintiff subsequently, without force, fraud, or surprise, obtains possession, such judgment is unavailing in ejectment by defendant, who must stand upon his own title.]

[2. A judgment against plaintiff in ejectment does not bar the assertion by him of a subsequently acquired title.]

[3. The ordinance No. 822 of the city of San Francisco of June 20, 1855, confirming certain grants of land by the alcalde, the title to which had been relinquished to the city by the act of congress of March 11, 1858, operated as a full and complete grant to the persons therein mentioned, enabling them to set up such title in ejectment, notwithstanding a prior decision against the validity of the grant from the alcalde.]

[Ejectment by Charles Merriman against E. W. Bourne and others.]

Patterson, Wallace & Stowe, for plaintiff. L. B. Crockett, for defendants.

Before FIELD, Circuit Justice, and HOFFMAN, District Judge.

HOFFMAN, District Judge. The only facts necessary to be noticed under the views we have adopted with regard to this case are the following: On the 15th April, 1847. S. E. Woodworth obtained from Edwin Bryant, alcalde of San Francisco, a grant for the 100-vara lot known as No. 22, and which embraces the premises in controversy. Shortly after receiving this grant he appears to have taken possession of the lot and enclosed it with a fence, which remained for some months, but which in 1849 had either fallen down or been removed by parties who entered on the premises, claiming under a grant made to one Fulton by Colton, a justice of the peace. Woodworth thereupon brought ejectment in the court of first instance, and having recovered judgment, ejected the persons who had taken possession of the lot. An appeal having been taken to the supreme court, the judgment was reversed, and a writ of restitution was awarded to restore the defendants in that suit to the possession of the premises from which they had been ejected under the writ of possession. From the report of the case (1 Cal. 295) it appears that the plaintiff claimed to recover, first, on his grant as constituting a perfect title to the lot, and secondly, on a possession prior to the entry of the defendant. The court held, first, that the grant by the alcalde was void and insufficient to give even color of title, and, second, that the prior possession as shown by the evidence was too loose, indefinite and equivocal to authorize a recovery against a defendant who had entered peaceably and without fraud. From the date of the writ of restitution awarded under this judgment up to 1853, the lot, or a large portion of it, appears to have been in the possession of parties claiming under Fulton, but in 1853, F. A. Woodworth, to whom Selim E. Woodworth had conveyed the land, instituted ejectments against the parties in possession, and in the

course of the years 1853, 1854 and 1855, he succeeded in obtaining possession of the whole lot, which he still holds. In numerous instances the parties in possession were ejected under writs of possession issued in pursuance of judgments obtained in ejectment suits. In other cases, the persons being threatened with suits and desiring to avoid expense, and to have the privilege of removing these houses erected on the lot, consented to acknowledge the will of Woodworth, and to accept leases under him as his tenants.

The plaintiff in the present suit derives title from Fulton, one of the defendants in the former suit; and the defendant holds under F. A. Woodworth, the grantee of S. E. Woodworth. On the trial of the cause, the plaintiff offered in evidence, as showing color of title, a grant from Colton, justice of the peace, to Joseph F. Atwill, dated December 12, 1849, and a deed from Atwill to Fulton, dated February 11th, 1850. He also produced the record of the suit of Woodworth v. Fulton [1 Cal. 295], with the writ of restitution under which Fulton was restored to the possession. Testimony was also introduced tending to show a possession by Fulton prior to 1849; but the evidence was indefinite and unsatisfactory, and it was not urged by counsel as sufficient to constitute a ground of recovery. The defendant introduced and proved the alcalde's grant before alluded to, together with the records of the various ejectment suits in which he had recovered possession of different parcels of the land. He also proved the circumstances under which he had obtained possession of other portions of the lot without suit. To the introduction of the alcalde's grant the plaintiff's counsel objected on the ground that the decision in Woodworth v. Fulton was a final judgment involving and determining the invalidity of the grant relied on as a defence to this action; that this determination was, and is, not the only law of that case, but the law of that piece of property, and that the defendant Woodworth, and all claiming under him, are forever barred from setting up that title as against Fulton and his privies, and this notwithstanding that the case of Woodworth v. Fulton [supra] has been overruled, and alcalde grants similar to the one relied on in that case, have been subsequently adjudged to constitute valid titles. On these grounds the counsel for plaintiff contended, not only that the grant should not be received in evidence, but also that the plaintiff is entitled to a verdict.

We are clear that both these positions are untenable, conceding the law to be precisely as claimed by the plaintiff, and admitting that the judgment of the supreme court, declaring the alcalde grant to be wholly void, remains the law of the case and of this piece of property forever binding on Woodworth, and his representatives claiming under that title, it by no means follows that the plain-

tiff is entitled to recover. The judgment of the supreme court at most determined merely that the title relied on by Woodworth was invalid. It in no respect affirmed the validity of the title of the defendant in that suit. The case did not and could not have involved any inquiry into the validity of the Colton grant, under which the defendant claimed title. Had it done so, it is obvious that the court must have pronounced it to have been wholly void and insufficient to give color of title. Whatever effect, therefore, the judgment may have had as a bar to any future assertion by Woodworth, or his privies of any title under that grant, it could have no effect whatever as an affirmance of Fulton's rights under the Colton grant, nor to impart in that grant in his hands, even as against Woodworth, any validity as an independent source of title. Since that suit, Woodworth has, without force or fraud, or surprise, obtained possession of the lot in question; and his tenants are now sued by the grantee of Fulton. Conceding that Woodworth can claim nothing under his grant, he is, nevertheless, in possession of the land, and this plaintiff in ejectment, like any other, must recover on the strength of his own title. He has failed to show any prior possession, and the Colton grant produced by him is not pretended to possess any validity whatever as a source of title. Under these circumstances, it is clear to us that he must fail.

Secondly. But the title set up by the defendant is not the same title as that passed upon by the supreme court in Woodworth v. Fulton. It of course will not be contended that the judgment in that suit operates as a bar to the assertion by Woodworth of any subsequently acquired title to the premises in controversy. Assuming then, that the decision of the supreme court was not only the law of the case, but was in all respects correct, and that a grant by an alcalde possessed per se, no validity whatever, the subsequent action by the legislature of this state and by congress in respect to this class of titles has imparted to them unquestionable validity. In the act of the legislature of California, passed March 11th, 1858 [Laws 1858, p. 56], the provisions of the ordinance of the common council of this city, No. 822, passed June 20th, 1855, are recited. In section 2d of this ordinance it is provided that "all persons who hold grants to lots of land lying east of Larkin street and northeast of Johnson street, made by any ayuntamiento, town council, or alcalde of said pueblo, since 1846, and before the incorporation of the city of San Francisco by the state of California; and which grant, or the material portion thereof, was registered or recorded in a proper book of record deposited in the office, or custody, or control, of the recorder of San Francisco on or before the 3d day of April, 1850, * * * shall, for all purposes contemplated in this ordinance, be deemed to be the possessors of the land so granted; although the said lands may be in the actual occupancy of persons holding the same adversely to the said grantees." The second section of the act above cited provides that "the grant of relinquishment of title, made by the said city in favor of the several possessors, by sections 2 and 3 of the ordinance just above recited, shall take effect as fully and completely for the purpose of transferring the city's interest, and for all other purposes whatever, as if deeds of release and quit-claim had been duly executed and delivered to and in favor of them individually and by name; and no further conveyance or other act shall be necessary to invest said possessors with all the interests, rights, title, benefits and advantages, which the said order and ordinances intend or purport to transfer and convey according to the true intent and meaning thereof." By the 5th section of the act of congress of July 1st, 1864 [13 Stat. 333], it is provided that "all the right and title of the United States to the lands within the corporate limits of the city of San Francisco, as defined in the act incorporating said city, passed by the legislature of the state of California on the 15th April, 1851 [Laws 1850–53, p. 944], are hereby relinquished and granted to said city, and its successors, for the uses and purposes specified in the ordinances of said city, ratified by an act of the legislature of the said state, approved on the 11th of March, 1858 [Laws 1858, p. 52], entitled 'An act concerning the city of San Francisco and to ratify and confirm certain ordinances of the common council of said city,' there being excepted from this relinquishment and grant all sites or other parcels of land which have been and now are occupied by the United States for military, naval or other uses," etc., etc. It is not disputed that the grant under which the defendant claims falls within the class mentioned in the second section of the ordinance No. 822. This ordinance, by the express terms of the act of March 11, 1858, operates as a full and complete grant of relinquishment of the title of the city, in favor of the persons therein described; and congress has, by the act above cited, granted and relinquished to the city for the uses and purposes mentioned in said ordinance, and in the act ratifying it, all the right and title of the United States. Whatever, therefore, may have been the invalidity, or even nullity of the grant under which the defendant claims, at the time the judgment in Woodworth v. Fulton was rendered, it has since become a valid and indefeasible title by the grant and relinquishment of title, to him, by the city, by the state of California, and by the United States. The title he now sets up is thus radically different from that relied on in his former suit, and no judgment in that suit declaring the grant to be invalid, can estop from asserting in this suit his subsequently acquired title derived from any source from which the title could flow, viz.: from the city, from the state, and from the congress of the

United States. Judgment must therefore be entered for defendant.

[The judgment of the circuit court was affirmed in the supreme court upon writ of error. 9 Wall. (76 U. S.) 592.]